# EXHIBIT 1

Case Number: CACE-21-016779 Division: 08
Filing # 133945527 E-Filed 09/02/2021 02:13:06 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND
FOR BROWARD COUNTY,
FLORIDA

BRADFORD EMERGENGY GROUP, LLC;
COLUMBIA EMERGENCY GROUP, LLC;
DUVAL EMERGENCY GROUP, LLC;
LAKE WALES EMERGENCY
PHYSICIANS, LLC; MELBOURNE
EMERGENCY GROUP, LLC;
NW FLORIDA EMERGENCY
PHYSICIANS, LLC; POLK EMERGENCY
GROUP, LLC; RIDGEWOOD
EMERGENCY GROUP, LLC;
ROCKLEDGE EMERGENCY GROUP,
LLC; STERLING EMERGENCY
SERVICES OF MIAMI BEACH, P.A.; and
SUWANNEE EMERGENCY GROUP, LLC,

CASE NO.:

    Plaintiffs,

v.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA, INC. D/B/A FLORIDA BLUE
and HEALTH OPTIONS, INC.,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Bradford Emergency Group, LLC; Columbia Emergency Group, LLC; Duval Emergency Group, LLC; Lake Wales Emergency Physicians, LLC; Melbourne Emergency Group, LLC; NW Florida Emergency Physicians, LLC; Polk Emergency Group, LLC; Ridgewood Emergency Group, LLC; Rockledge Emergency Group, LLC; Sterling Emergency Services of Miami Beach, P.A.; and Suwannee Emergency Group, LLC (together, the "ER Groups"), by their counsel, as and for their Complaint against defendants Blue Cross and Blue

FTLDOCS 8295991 2 50077.0004

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 09/02/2021 02:13:04 PM.****

Shield of Florida, Inc. d/b/a Florida Blue ("BCBS FL") and Health Options, Inc. ("HOI" and collectively, "Florida Blue"), state and allege as follows:

## Preliminary Statement

1. The ER Groups bring this Complaint against Florida Blue to recover damages caused by Florida Blue's illegal underpayments to the ER Groups for out-of-network emergency medical services provided by the ER Groups' contracted emergency medicine providers to Florida Blue's insureds in Florida (the "Florida Blue Members") who are covered by health care benefits plans and policies of insurance that are provided and/or administered by Florida Blue. As of the date below, Florida Blue's underpayments for emergency medical services provided by the ER Groups to the Florida Blue Members total more than $53,000,000.

2. Florida Blue is a trade name used by Blue Cross and Blue Shield of Florida, Inc. and Health Options, Inc., as licensed by the Blue Cross and Blue Shield Association. Blue Cross and Blue Shield Association is a healthcare enterprise that operates a multitude of local health plans throughout the United Sates. Blue Cross and Blue Shield Association makes up one of the largest health insurance coverage organizations in the nation by selling health plans that purport to offer access to health care services for its customers, including in the State of Florida.[1]

3. In violation of Florida state law, Florida Blue has failed and, despite notice from multiple complaints about this issue, refused to pay the amounts required by Florida law to the ER Groups for emergency health care services that ER Groups' contracted physicians and NP/PAs provided to the Florida Blue Members at various facilities in Florida.

4. Specifically, since 2016, the ER Groups have treated thousands of Florida Blue Members and accordingly billed Florida Blue for the emergency medical services provided to

---

[1] *See* https://www.floridablue.com/

2

those Florida Blue Members. The ER Groups' total billed charges for these claims are more than approximately $61.7 million, and growing, a number that reflects the usual, customary, and reasonable rates for the particular emergency services in the community where those services were provided. For each of the claims for emergency services at issue herein, Florida Blue approved the claims and paid them, albeit inadequately, to the ER Groups. Accordingly, this case does not involve denials, partial denials or other coverage determinations under any of the Florida Blue Members' plans, but merely whether the rate of Florida Blue's reimbursement for those approved and covered services was adequate under Florida law.

5.  To date, Florida Blue has reimbursed the ER Groups for only a small fraction of the more than $61.7 million in fair market value of emergency medical services that Florida Blue was required to pay directly to the ER Groups under Florida law.

6.  The underpayments continue. Florida Blue Members continue to seek and obtain emergency room treatment from medical facilities staffed by the ER Groups' contracted emergency medicine providers. The ER Groups' contracted providers continue to provide emergency room medical care, as they are required to do under applicable law. Florida Blue continues to underpay ER Groups for the care their providers are required to deliver.

7.  Florida Blue's pattern of dramatically underpaying ER Groups is in clear violation of applicable state laws, including Florida Statute §§ 627.64194 and 641.513(5), and Florida common law, and has caused ER Groups to sustain substantial damages, which continue to grow.

## Parties

8. Bradford Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

9. Columbia Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

10. Duval Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

11. Lake Wales Emergency Physicians, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

12. Melbourne Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

13. NW Florida Emergency Physicians, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

14. Polk Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

15.     Ridgewood Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

16.     Rockledge Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

17.     Sterling Emergency Services of Miami Beach, P.A. is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

18.     Suwannee Emergency Group, LLC is, and at all relevant times was, a limited liability company organized and existing under the laws of Florida, with its principal place of business located at 200 Corporate Blvd., Lafayette, LA.

19.     Defendant Blue Cross and Blue Shield of Florida, Inc. d/b/a Florida Blue is a corporation organized under the laws of the State of Florida and is a licensed health insurer under Florida Statutes with a principal place of business located at 4800 Deerwood Campus Pkwy, Jacksonville, Florida, 32246-6498.

20.     Defendant Health Options, Inc. is a corporation organized under the laws of the State of Florida and is a licensed health insurer under Florida Statutes with a principal place of business located at 4800 Deerwood Campus Pkwy, Jacksonville, Florida, 32246-6498.

21.     Each of BCBS FL and HOI, operating as Florida Blue, administers claims for benefits for its subscribers and members under the terms of various health insurance plans, including Health Maintenance Organization health benefit plans.

## Jurisdiction and Venue

22. This Court has jurisdiction over this matter pursuant to Fla. State. § 26.012(2) in that the parties are *sui juris* and the amount in controversy, exclusive of attorneys' fees and costs, exceeds $30,000.

23. Venue is proper in Broward County, Florida pursuant to Florida Statute § 47.051, which states that venue is appropriate for domestic and foreign corporations where a defendant has, or usually keeps, an office for transaction of its customary business. Here, the defendants hold themselves out as maintaining offices in Fort Lauderdale, Broward County.

24. In addition, this case should be assigned to the Complex Business Division because of the nature of the case, the complexity of discovery, and because the amount in controversy exceeds $750,000.

25. This Court has personal jurisdiction over Florida Blue because Florida Blue is engaged in substantial business activity within the State of Florida and Broward County, Florida, and maintains offices in Broward County and throughout the State of Florida.

26. For avoidance of doubt, the claims for recovery of underpayments for emergency medical services in this lawsuit are for approved and covered services rendered to Florida Blue Members and do not require any coverage determinations under the Florida Blue Members' plans. Each of the ER Claims herein is supported by a legal duty arising under Florida law independent of the federal Employee Retirement Income Security Act of 1974 (ERISA) or related regulations. No claim is made by the ER Groups against Florida Blue as a plan participant, plan sponsor, plan fiduciary, or beneficiary under any plan governed by ERISA. Plaintiffs do not stand in the shoes of Florida Blue Members for the purposes of this lawsuit.

27. For further avoidance of doubt, this action also does not include any claim by the ER Groups for benefits under any Florida Blue health plan pursuant to an assignment of benefits from any patient or upon any rights that any Florida Blue Members may have to pursue against Florida Blue. All claims in dispute are claims for covered emergency services for which Florida Blue underpaid the ER Groups under Florida law. None of these claims was wholly denied payment and, therefore, Florida Blue has conceded that all claims in dispute meet the criteria for medical necessity and are "covered services." The ER Groups simply seek to compel Florida Blue to compensate them for past underpayments and for the Court to declare that Florida Blue must cease unilaterally and unfairly discounting payments and must comply with its obligations under Florida law to pay for fair market value for emergency medical services rendered to Florida Blue Members.

**Facts**

*The Out-of-Network Emergency Services Provided to Florida Blue Members*

28. Each of the ER Groups contracts with hospitals in Florida to staff those hospitals' emergency departments with physicians and other clinical providers. Each of the ER Groups coordinates the billing of its contracted healthcare providers for emergency medical services.

29. Healthcare providers such as ER Groups' contracted providers are generally classified as either "in-network" providers who have negotiated rates with a health insurance company such as Florida Blue, or "out-of-network" providers who submit billed charges at their usual and customary rates and are paid pursuant to applicable provisions in the Florida Blue Members' health insurance plans and applicable laws.

30. None of the ER Groups has a contract for negotiated rates with Florida Blue, and their healthcare providers are therefore "out-of-network" providers with respect to Florida Blue for the emergency medical services at issue.

31. Since in or about 2016 through the present date, the ER Groups' contracted healthcare providers have delivered emergency medical services to thousands of Florida Blue Members throughout Florida.

32. Some or all of these services were mandatory under governing law and rendered to meet such legal requirements as related to the conditions for which each of the Florida Blue Members presented in the ER Groups' facilities.

33. The ER Groups are and were required by law to provide emergency medical services to the Florida Blue Members regardless of whether those patients had insurance under a health plan for which any given provider was an in-network provider or an out-of-network provider.

34. Conversely, Florida Blue did not have the ability to prevent its members from seeking emergency treatment at the hospitals where the ER Groups provide emergency medical services, despite the ER Groups' healthcare providers' out-of-network status with Florida Blue.

35. By approving payment, albeit in an inadequate amount, for the emergency medical services provided to Florida Blue Members by the ER Groups' contracted providers, Florida Blue has acknowledged and admitted that those emergency services are "covered services" within the meaning of Florida Statute § 627.64194.

### *Florida Blue's Illegal Claims Underpayments*

36. Under Florida Statute § 627.64194, Florida Blue is solely liable for payment of fees to a non-participating provider of emergency services, other than applicable copayments, coinsurance, and deductibles. Section 627.64194 provides, in relevant part, that:

> (2) An insurer is ***solely liable for payment of fees to a nonparticipating provider of covered emergency services*** provided to an insured in accordance with the coverage terms of the health insurance policy, and such insured is not liable for payment of fees for covered services to a nonparticipating provider of emergency services, other than applicable copayments, coinsurance, and deductibles. An insurer must provide coverage for emergency services that:
>
> (a) May not require prior authorization.
> (b) ***Must be provided regardless of whether the services are furnished by a participating provider or a nonparticipating provider.***
> (c) May impose a coinsurance amount, copayment, or limitation of benefits requirement for a nonparticipating provider only if the same requirement applies to a participating provider.
>
> * * *
>
> (4) An insurer must reimburse a nonparticipating provider of services under subsections (2) and (3) ***as specified in s. 641.513(5)*** …

(emphasis added).

37. Thus, by virtue of § 627.64194 and applicable caselaw, Florida Blue is required to reimburse each of the ER Groups directly for the emergency medical services provided by those ER Groups' contracted physicians and other healthcare providers to Florida Blue Members.

38. Florida Statute § 641.513(5), in turn, requires that reimbursement for emergency services by an out-of-network provider is the lesser of (a) the provider's charges; (b) the usual and customary provider charges for similar services in the community where the services were provided; or (c) the charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

39. ER Groups and Florida Blue have never mutually agreed to a charge for service under Florida Statute § 641.513(5)(c).

9

40. Under Florida law, consistent with all other potential applicable laws, payment required under § 641.513(5) must be at fair market value for services rendered.

41. Rather than pay the fair market value for covered emergency medical services as reflected in the bills submitted to Florida Blue by the ER Groups, Florida Blue has unilaterally lowered the reimbursement rate allowed for "out-of-network" emergency services care to levels far below what Florida law requires.

42. The ER Groups have submitted invoices and sufficient supporting claims information to Florida Blue requesting payment for these covered emergency medical services, and have made repeated demands to Florida Blue for payment, but Florida Blue has refused to reimburse the ER Groups for a substantial portion of the ER Groups' charges for the covered emergency medical services rendered to the Florida Blue Members.

43. Florida Blue has paid most of the claims submitted by the ER Groups at a net payment rate that is significantly less than what the ER Groups are entitled to receive as out-of-network providers under Florida law.

44. Despite repeated notice of its underpayments and the illegality of its unilaterally-imposed discounts, Florida Blue has never provided an adequate explanation for its refusal to pay fair market value rates as required by Florida law, including §§ 627.64194 and 641.513(5), for medical services billed by the ER Groups.

## COUNT I
### (Unjust Enrichment)

45. Plaintiffs hereby repeat, reallege, and incorporate by reference in this Count each and every allegation contained above.

46. Each of the ER Groups conferred a direct benefit on Florida Blue by providing valuable, covered, and medically necessary emergency medical services to Florida Blue

10

Members, including, without limitation, satisfying Florida Blue's legal obligations to provide emergency medical services to the Florida Blue Members; by providing emergency medical services as to which Florida Blue is obligated to provide coverage to Florida Blue Members and make payment under Florida law; and by providing the Florida Blue Members with emergency medical services to which the Florida Blue Members were legally entitled, which the ER Groups could not refuse under applicable law, and for which Florida Blue was required to reimburse the ER Providers at fair market value.

47. Florida Blue is paid to ensure that Florida Blue Members receive medically necessary and covered services and care. Thus, Florida Blue received an additional benefit in that its obligations to Florida Blue Members are discharged by virtue of the emergency medical services that the ER Groups' contracted providers provided to Florida Blue Members in Florida.

48. At all relevant times, Florida Blue had knowledge that ER Groups' contracted providers were legally required to provide and did provide covered emergency medical services to the Florida Blue Members as set forth above, and knowingly and voluntarily accepted those services.

49. The ER Groups billed Florida Blue for the emergency medical services. Florida Blue has accepted and retained most of the benefit conferred on Florida Blue by the ER Groups by withholding for itself substantial reimbursement amounts that Florida Blue owed to the ER Groups, instead making grossly inadequate payments to the ER Groups for the covered emergency medical services at issue. Florida Blue had received multiple forms of notice of the illegality of its actions.

50. It would inequitable and unjust for Florida Blue not to pay the ER Groups for the full fair market value of emergency medical services provided to Florida Blue Members and yet

11

to retain the benefit conferred on Florida Blue, as described above. Public policy favors ready access to emergency medical care and fair reimbursement to encourage medical professionals to participate in that field, which requires fair compensation.

51. As a direct and proximate result of Florida Blue's conduct as set out above, the ER Groups have been damaged in the amount of the difference between the amount billed by each of the ER Groups to Florida Blue and the amount actually paid by Florida Blue, which amounts will continue to accrue through the date of trial.

WHEREFORE, each of the ER Groups respectfully requests that this Honorable Court enter a judgment against Florida Blue for damages, including compensatory damages and statutory penalties, including interest pursuant to Florida Statutes §§ 627.613 and 627.6131, and attorneys' fees and costs pursuant to § 641.28, together with any further relief in the ER Groups' favor that this Court deems just and proper.

## COUNT II
### (Quantum Meruit)

52. Plaintiffs hereby repeat, reallege, and incorporate by reference in this Count each and every allegation contained above.

53. Each of the ER Groups provided valuable emergency medical services to Florida Blue Members, for which Florida Blue is obligated to provide coverage under Florida law, and for which covered emergency medical services Florida Blue (or its designee/agent) knowingly authorized, directed, or referred those Members to use the emergency facilities staffed by the ER Groups' contracted emergency medicine providers.

54. At all relevant times, Florida Blue had knowledge that the ER Groups' contracted providers were legally required to provide and did provide emergency medical services to the Florida Blue Members, and knowingly and voluntarily accepted and acquiesced in those

12

services, including by having authorized, directed, or referred Florida Blue Members to use the emergency facilities staffed by the ER Groups' contracted providers.

55. Florida Blue knew at all relevant times that the ER Groups expected to be compensated for the fair market value of emergency medical services at issue provided to Florida Blue Members, as required by Florida law, and the ER Groups billed Florida Blue for these emergency medical services. Nevertheless, Florida Blue has made partial, yet grossly inadequate payments to the ER Groups for the emergency medical services at issue. Florida Blue has received multiple forms of notice of the illegality of its actions.

56. It would inequitable and unjust for Florida Blue not to pay the ER Groups for the full fair market value of emergency medical services provided to Florida Blue Members. Public policy favors ready access to emergency medical care and fair reimbursement to encourage medical professionals to participate in that field, which requires fair compensation.

57. As a direct and proximate result of Florida Blue's conduct as set out above, the ER Groups have been damaged in the amount of the difference between the amount billed by each of the ER Groups to Florida Blue and the amount paid by Florida Blue to each of the ER Groups for those services, which amounts will continue to accrue through the date of trial.

WHEREFORE, each of the ER Groups respectfully requests that this Honorable Court enter a judgment against Florida Blue for damages, including compensatory damages and statutory penalties, including interest pursuant to Florida Statutes §§ 627.613 and 627.6131, and attorneys' fees and costs pursuant to § 641.28, together with any further relief in the ER Groups' favor that this Court deems just and proper.

## COUNT III
### (Violation of Florida Statute §§ 627.64194 & 627.513)

58. Plaintiffs hereby repeat, reallege, and incorporate by reference in this Count each

and every allegation contained above.

59. Pursuant to Florida Statute § 627.64194, Florida Blue is required to directly reimburse nonparticipating providers of covered emergency services provided to the Florida Blue Members, in accordance with the coverage terms of the Florida Blue Members' health insurance policies, and must provide coverage for emergency medical services regardless of whether the services are furnished by a participating provider or a nonparticipating provider, in amounts specified under Florida Statute § 641.513(5).

60. Florida Statute § 641.513(5) requires that reimbursement for emergency services by an out-of-network provider like Florida Blue is the lesser of (a) the provider's charges; (b) the usual and customary provider charges for similar services in the community where the services were provided; or (c) the charge mutually agreed to by the health maintenance organization and the provider within 60 days of the submittal of the claim.

61. Payment required under § 641.513(5)(b) must be at fair market value of the emergency medical services rendered.

62. ER Groups and Florida Blue do not have a contract and have never mutually agreed to a charge for service within the meaning of Florida Statute § 641.513(5)(c).

63. The amounts billed by the ER Groups for medical services reflect the usual and customary charges for those services, yet Florida Blue has failed to pay the ER Groups those amounts, in violation of the statute.

64. As a direct and proximate result of Florida Blue's conduct as set out above, Florida Blue has been damaged in the amount of the difference between the amount billed by each of the ER Groups to Florida Blue and the amount actually paid by Florida Blue to each of the ER Groups for those services, which amounts will continue to accrue through the date of

14

trial.

WHEREFORE, each of the ER Groups respectfully requests that this Honorable Court enter a judgment against Florida Blue for damages, including compensatory damages and statutory penalties, including interest pursuant to Florida Statutes §§ 627.613 and 627.6131, and attorneys' fees and costs pursuant to § 641.28, together with any further relief in the ER Groups' favor that this Court deems just and proper.

## COUNT IV
### (Breach of Contract/Third-Party Beneficiary)

65. Plaintiffs hereby repeat, reallege, and incorporate by reference in this Count each and every allegation contained above.

66. At all relevant times, including at the time of seeking and obtaining the emergency medical services at issue, each Florida Blue Member was insured under a health insurance policy issued by Florida Blue in the State of Florida.

67. The ER Groups are third-party beneficiaries of the Florida Blue health insurance policies that provided coverage to Florida Blue Members with respect to the emergency medical services at issue because: (i) Florida Blue is mandated to pay the ER Groups directly for such services pursuant to Florida law at rates set by Florida Statutes described above; (ii) Florida law recognizes that medical service providers are intended beneficiaries of insurance contracts; and (iii) such contracts directly benefit emergency medical providers such as the ER groups pursuant to Florida statutes incorporated within the insurance contracts by the statutory incorporation doctrine.

68. Moreover, by making thousands of inadequate payments directly to the ER Groups for the covered emergency medical services at issue, Florida Blue has acknowledged

15

each of the ER Groups' status as a third-party beneficiary of each applicable policy and has thereby waived any arguments or clauses to the contrary.

69. Under Florida law, health insurance policies between Florida Blue and its Members are required to provide coverage for emergency medical services, such as those provided by the ER Groups' contracted physicians, in relevant part, at the lesser of (a) the provider's charges; (b) the usual and customary provider charges for similar services in the community where the services were provided.

70. The amounts billed by the ER Groups for medical services reflect the usual and customary charges for those services.

71. By making grossly inadequate underpayments on each of the claims at issue, Florida Blue has, in each instance, breached the Florida statutory provisions incorporated into each of Florida Blue's contracts with its Members of which the ER Groups are third party beneficiaries.

72. As a direct and proximate result of Florida Blue's breaches of contracts of which the ER Groups are third party beneficiaries, as set out above, the ER Groups have been damaged in the amount of the difference between the amount billed by each of the ER Groups to Florida Blue and the amount actually paid by Florida Blue to each of the ER Groups for those services, which amounts will continue to accrue through the date of trial.

WHEREFORE, each of the ER Groups respectfully requests that this Honorable Court enter a judgment against Florida Blue for damages, including compensatory damages and statutory penalties, including interest pursuant to Florida Statutes §§ 627.613 and 627.6131, and attorneys' fees and costs pursuant to § 641.28, together with any further relief in the ER Groups' favor that this Court deems just and proper.

## COUNT V
### (Declaratory Judgment)

73. Plaintiffs hereby repeat, reallege, and incorporate by reference in this Count each and every allegation contained above.

74. The ER Groups' contracted emergency medical services providers have supplied and continue to supply emergency medical services to Florida Blue Members in Florida.

75. As set forth above, an actual controversy and dispute has arisen between Florida Blue and the ER Groups as to the ER Groups' rights under Florida law, as to the amounts that Florida Blue is required to pay to the ER Groups for the present and future covered emergency medical services at issue in the lawsuit.

76. Florida Blue and the ER Groups have an actual, bona fide dispute and a present need for a declaration of the ER Groups' rights related to payment for valuable emergency medical services provided to Florida Blue Members.

77. Thus, a justiciable controversy exists between the parties.

78. The ER Groups therefore seek a determination and declaration by this Honorable Court: (a) that Florida Blue is obligated to pay a fair market value as reimbursement for the emergency medical services provided by the ER Groups' contracted providers to Florida Blue Members; (b) that the amount of reimbursement that Florida Blue is required to pay the ER Groups equals the difference between the amount billed by each of the ER Groups to Florida Blue and the amount actually paid by Florida Blue to each of the ER Groups for those services; and (c) that there are no further obligations or conditions to be satisfied or met for Florida Blue to reimburse each of the ER Groups for the emergency medical services at issue.

WHEREFORE, the ER Groups respectfully request that this Honorable Court entered a judgment declaring the rights and obligations of the parties as set forth above.

**Demand for Jury Trial**

The ER Groups demand a trial by jury on all issues so triable.

> SHUTTS & BOWEN LLP
> *Attorneys for Plaintiffs*
> Florida Bar No. 820880
> 200 East Broward Boulevard, Suite 2100
> Fort Lauderdale, Florida 33301
> Telephone: (954) 847-3837
> Facsimile: (954) 888-3066
>
> By: */s/ Joseph Goldstein*
> Joseph M. Goldstein
> Florida Bar No. 820880
> jgoldstein@shutts.com