UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-62139-SINGHAL/DAMIAN

BRADFORD EMERGENCY GROUP,
LLC, *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD OF
FLORIDA INC. d/b/a Florida Blue, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON
PLAINTIFFS' AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS**

THIS CAUSE is before the Court on Plaintiffs' Amended Motion for Attorneys' Fees and Costs, filed January 7, 2022 (the "Motion"). [ECF No. 29]. The Motion was referred to the undersigned by the Honorable Raag Singhal, United States District Judge, for a Report and Recommendation. [ECF No. 37]. *See* 28 U.S.C. § 636(b)(1)(B).

The undersigned has reviewed the Motion, the parties' memoranda [ECF Nos. 33 and 36] and supporting documents, the pertinent portions of the record, and all relevant authorities and is otherwise fully advised in the premises.

In the Motion, Plaintiffs seek an award of attorneys' fees and costs pursuant to Title 28, United States Code, Section 1447(c), on the grounds Defendants improperly removed this action to federal court. For the reasons that follow, it is recommended that the Motion be denied.

## I. RELEVANT BACKGROUND

### A. *Plaintiffs' Complaint*

On September 2, 2021, Plaintiffs[1] initiated this action against Defendants, Blue Cross and Blue Shield of Florida, Inc., d/b/a Florida Blue, and Health Options, Inc. (collectively, "Florida Blue" or "Defendants"), in state court in the Seventeenth Judicial Circuit Court in and for Broward County, Florida (the "Circuit Court"). [ECF No. 1-2 (the "Complaint")]. Plaintiffs are a network of emergency medical care providers, and Defendants are health insurance providers that contracted with patients who received emergency medical care from Plaintiffs and their network of providers. Plaintiffs did not directly contract with Defendants but are out of network providers. Complaint at 3.

In the Complaint, Plaintiffs assert five counts against Defendants, alleging, generally, that Defendants underpaid Plaintiffs in reimbursements for claims for services provided to Defendants' members. *See generally* Complaint.

### B. *Communications Among Counsel Concerning Data Regarding Claims At Issue*

Plaintiffs allege that prior to filing the Complaint in the Circuit Court, they provided to Defendant Florida Blue a spreadsheet containing detailed information concerning each of the claims at issue in the lawsuit, including patient names, dates of birth, policy numbers, dates and locations of services, CPT code level details, actual charges, and approved amounts. Motion at 5 (citing ECF No. 14-1 (Declaration of Sara Shoultz in Support of Motion to Remand)).

---

[1] Plaintiffs include Bradford Emergency Group, LLC, Columbia Emergency Group, LLC, Duval Emergency Group, LLC, Lake Wales Emergency Physicians, LLC, Melbourne Emergency Group, LLC, NW Florida Emergency Physicians, LLC, Polk Emergency Group, LLC, Ridgewood Emergency Group, LLC, Rockledge Emergency Group, LLC, Sterling Emergency Services of Miami Beach, P.A., and Suwannee Emergency Group, LLC.

In support of the Motion, Plaintiffs submit copies of email correspondence among outside counsel for Plaintiffs and Defendants in which Defendants' counsel requested data concerning the claims at issue and Plaintiffs' counsel refused to provide such data on grounds (1) they had already provided a spreadsheet containing such data to Defendant Florida Blue and (2) they did not want to disseminate patient private health data any more than necessary. [ECF 29-1]. The email correspondence reflects that Defendants' counsel requested the data multiple times, and Plaintiffs' counsel refused to provide the spreadsheet each time, although Plaintiffs' counsel did ultimately inquire whether Defendants' counsel had a business associate agreement in place with their client (which may alleviate HIPPAA concerns). *Id*. The correspondence makes clear that Defendants' counsel did not have a chance to review Plaintiffs' data regarding the claims at issue before filing the Notice of Removal, and that Defendants' counsel informed Plaintiffs' counsel that they needed the data to be sure about the claims at issue. *See id*. at 3 ("Just so that we on the lawsuit side are clear about the data we're all looking at, and since the spreadsheet has already been prepared, do you mind sending me a copy of what was sent to my clients?").

### C. *Defendants' Notice Of Removal*

As alleged in the Notice of Removal, Defendants accepted service of the Complaint on September 15, 2021, and removed the action to this Court on October 15, 2021. [ECF No. 1]. In the Notice of Removal, Defendants asserted that removal was based on Title 28, United States Code, Section 1442(a)(1), which permits removal where a person acting under the direction of a federal agency and its officers is sued for actions taken under color of federal office, and Section 1441, as an action over which this Court has federal question jurisdiction. *Id*. Plaintiffs did not challenge the timeliness of the removal.

The Notice of Removal is twenty-two pages long and sets forth detailed explanations of the legal and factual bases for removal and the information supporting Defendants' theories for federal jurisdiction, and the Notice is supported by hundreds of pages of documents. [ECF No. 1]. In support of the Notice of Removal, Defendants submitted the Declaration of Annette Norman, a litigation management consultant for Defendants. [ECF No. 1-3]. Ms. Norman states that after Defendants received the Complaint and before they removed the case to this Court, she reviewed claims information extracted from Defendant Florida Blue's claims repository database relating to the claims described in Plaintiffs' Complaint. *Id*. at ¶ 36. She further states that as a result of that review, she determined that the Complaint includes claims for services allegedly rendered to various individuals who are enrollees in the Federal Employees Health Benefits Act ("FEHBA") Service Benefit Plan and provided specific examples of such claims. *Id*. at ¶¶ 36–40. Ms. Norman also states that, based on her review, she determined that the Complaint includes claims for services allegedly rendered to various individuals who are beneficiaries of Medicare Advantage ("MA") health plans subject to the Medicare Act and provided specific examples of such claims. *Id*. at ¶¶ 44–52.

In the Notice of Removal, Defendants asserted that this action is removable under the Federal Officer Removal Statute (28 U.S.C. § 1442(a)(1)) on the grounds that suits against health insurance companies administering FEHBA-governed Service Benefit Plans are removable under the Federal Officer Removal Statute, and they cited numerous cases in support. [ECF No. 1 at 9–16]. They further asserted that this action is also removable under the Federal Officer Removal Statute because Plaintiffs' claims are based on the insurer's contract with the Centers for Medicare & Medicaid Services ("CMS") to administer Medicare benefits through Medicare Advantage plans, again citing numerous cases in support. *Id*. at

16–19. Finally, they asserted that this action is removable based on federal question jurisdiction because of a conflict between an identifiable federal policy or interest and the operation of state law. *Id*. (relying on *Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 693 (2006)).

### D. *Plaintiffs' Motion To Remand*

On November 15, 2021, Plaintiffs filed a Motion to Remand and argued that health insurers, like Defendants, that merely contract with the federal government to administer either FEHBA or MA health plans are not acting under sufficient government control to trigger the availability of the Federal Officer Removal Statute. [ECF No. 14 at 13–15 (citing *Watson v. Philip Morris Cos.*, 551 U.S. 142 (2007))]. Plaintiffs also argued that there is no basis for federal question jurisdiction based on a purported conflict between Plaintiffs' allegation that Defendants violated Florida Statutes governing reimbursements to nonparticipating providers of covered emergency services and the terms of the FEHBA plans because Plaintiffs do not seek relief in the Complaint for Defendants' failure to make payments directly to the providers as opposed to patients. *Id*. at 19–20.

In support of their Motion to Remand, Plaintiffs submitted the Declaration of Sara Shoultz, a Managed Care Supervisor for Plaintiffs, in addition to the spreadsheet of data regarding the claims at issue. [ECF Nos. 14-1 and 14-2]. Plaintiffs also submitted information regarding the specific claims identified in Defendants' Notice of Removal. [ECF Nos. 14-3 and 14-4].

The undersigned notes that Plaintiffs included a Local Rule 7.1 certification in the Motion to Remand in which they indicate that they reached out to counsel for Defendants by telephone on multiple occasions and that Defendants opposed the Motion. [ECF No. 14 at

20–21]. It is not clear from that Certification, nor from Plaintiffs' representations in the Motion now before the Court, whether Plaintiffs explained the data in the spreadsheet or offered to provide the information to Defendants' counsel prior to filing the Motion to Remand.

### E. Defendants' Stipulation To Remand

In their Response to the Motion now before the Court, Defendants aver that it was only upon review of Plaintiffs' Motion to Remand and the supporting documents, including the claims spreadsheet, that Defendants learned, for the first time, that Plaintiffs' claims may not fall under federally governed health benefit plans and that Plaintiffs do not intend to include such claims in their Complaint.[2] [ECF No. 33 at 4–5 and n.1]. Thus, according to Defendants, upon confirming that Plaintiffs do not seek recovery for claims for benefits under federally governed health benefit plans, they determined that remand was appropriate. *Id*. at 5. On December 22, 2021, the parties filed a Joint Stipulation For Remand. [ECF No. 24].

In the meantime, before the parties stipulated to the remand, Defendants' Motion to Dismiss, which was filed on October 22, 2021, (more than three weeks before Plaintiffs filed the Motion to Remand) was pending, and Plaintiffs prepared and filed their Response to the Motion to Dismiss on December 3, 2021. [ECF No. 19]. According to Plaintiffs, although Defendants agreed to some extensions of time for the filing of their Response, they would not agree to hold the Motion to Dismiss in abeyance pending a determination of the Motion to

---

[2] Defendants point out that the claims data submitted by Plaintiffs only includes data up to March 2021 and that although Plaintiffs represented in their Motion to Remand that their claims do not include claims for payment arising under federally governed health benefit plans, the possibility that that may later be the case has not been completely foreclosed.

6

Remand such that Plaintiffs incurred unnecessary expenses in preparing their Response to the Motion to Dismiss. *See* ECF No. 29 at 3, 6–7.

### F. *Plaintiffs' Motion For Attorneys' Fees*

This Court remanded the case on December 23, 2021, based on the parties' Stipulation. [ECF No. 25]. On January 6, 2022, Plaintiffs filed a Motion for Attorneys' Fees and Costs pursuant to Section 1447(c). [ECF No. 27]. The Court denied that Motion due to Plaintiffs' failure to include a Local Rule 7.1(a)(3) certification. [ECF No. 28]. Plaintiffs then filed the Amended Motion for Attorneys' Fees and Costs now before this Court on January 7, 2022 [ECF No. 29], which included the Rule 7.1(a)(3) certification of conferral. The Motion is fully briefed and ripe for adjudication.

## II.   ANALYSIS

### A. *Applicable Legal Standard*

Pursuant to Section 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141 (2005) (citation omitted).

### B. *The Parties' Memoranda And Arguments*

In the Motion, Plaintiffs argue that in removing this case, Defendants turned a blind eye to the fact that Plaintiffs' claims do not involve claims under health plans governed by federal health benefit programs. This, Plaintiffs argue, was known by Defendants based on the claims data provided to Defendants before Defendants' counsel later requested that same

7

data. *See* Motion at 2, 5–6, 9. Plaintiffs also argue that Defendants ignored well settled law that federal jurisdiction does not exist because Plaintiffs' claims involve only issues concerning rates of payments as opposed to right to payment, as well as law providing that the Federal Officer Removal Statute does not apply to Defendant Florida Blue, which does not act under the requisite federal control. *Id*. at 2, 9–17. Finally, Plaintiffs argue that by failing to agree to hold their Motion to Dismiss in abeyance, Defendants forced Plaintiffs to incur unnecessary significant additional expenses. *Id*. at 3, 6–7, 17–18.

Defendants respond that they did not ignore information regarding Plaintiffs' claims but that, instead, Plaintiffs did not provide the data to Defendants when requested by counsel prior to filing the Motion to Remand and, even then, the claims data is not complete and does not make clear that the claims are not based on federally governed health benefit plans. Response [ECF No. 33] at 3–4. Instead, Defendants argue, their own research revealed that certain of the health benefit plans at issue in Plaintiffs' claims were governed by federal law, and, therefore, their determination that removal was appropriate was reasonable. *Id*. at 7. Defendants next argue that if, as they believed, Plaintiffs' claims include claims involving federal health benefit plans, then federal law would govern, and it was reasonable for them to believe the case was removable. *Id*. at 8. Defendants also argue that just because Plaintiffs eventually stipulated (after removal) that they have not raised any claims under any federally governed health benefit plan does not mean that the removal was unreasonable at the time it was filed (before Plaintiffs disclosed that stipulation). *Id*. at 8–10.

As to the precedent cited by Plaintiffs regarding the Federal Officer Removal Statute, Defendants argue Plaintiffs have not cited binding authority, and Defendants cite other precedent indicating that the claims are removable if Defendants' administration of federal

8

service benefit plans is at issue. *Id*. at 10–11. Defendants also cite to precedent indicating that the right to payment versus rate of payment distinction is not relevant in cases, like this one, involving out-of-network providers. *Id*. at 13. Finally, Defendants argue fees are not appropriate for Plaintiffs' work preparing a response to the Motion to Dismiss, as Plaintiffs could have sought additional time to respond to the Motion and Plaintiffs will need to address many of the same issues in the motion to dismiss filed in state court. *Id*. at 15–17.

In Reply, Plaintiffs argue that Defendants' explanations for failing to realize that Plaintiffs were not asserting claims regarding individuals covered by federally governed health benefit plans are unavailing, that the cases cited by Defendants regarding the applicability of federal law to claims like those in the Complaint are all inapplicable, and that they should also be entitled to receive fees incurred in responding to the Motion to Dismiss. [ECF No. 36].

### C. *Findings*

Although Defendants ultimately agreed that remand was appropriate, the undersigned does not find that Defendants lacked an "objectively reasonable basis" when originally deciding removal was warranted. Here, if Plaintiffs' claims did include claims on behalf of individuals covered by federally governed health benefit plans, as Defendants believed they did at the time they filed their Notice of Removal, Defendants had a good faith basis to believe that federal jurisdiction existed. While Defendants later learned that Plaintiffs did not include, and did not intend to include, claims falling within any federally governed health benefit plans, it does not appear that Plaintiffs informed Defendants that was the case until well after the Notice of Removal was filed.

Based on the record presented, the undersigned finds Plaintiffs' argument that Defendants ignored information demonstrating that none of the claims at issue falls under a federally governed health benefit program unpersuasive. As discussed above, Defendants claim (and Plaintiffs acknowledge) that their counsel requested the relevant claims data from Plaintiffs' counsel several times before filing their Notice of Removal, but Plaintiffs' counsel failed to disclose the data or to affirmatively confirm that they did not intend to include any federally governed claims until filing their Motion to Remand. *See* discussion *supra* Section I.E. Although Plaintiffs insist Defendants possessed the relevant claims data prior to removing the case, it is troubling that Plaintiffs' counsel would not disclose the data needed and requested by Defendants' counsel despite multiple requests. In *Martin,* the Supreme Court admonished, "a plaintiff's . . . failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Martin*, 546 U.S. at 141.

Insofar as Plaintiffs' arguments concerning Defendants' legal bases for removal, the undersigned is not persuaded that the authority is as clear as Plaintiffs claim, nor that Defendants lacked a basis for believing the legal authority on which they relied applied given the information available (or unavailable) to them at the time they filed the Notice of Removal. To the contrary, in response to the Motion, Defendants provide an extensive discussion supporting their belief that removal here was objectively reasonable. Defendants make detailed arguments, supported by citation to relevant legal authority, taking issue with Plaintiffs' challenges to the legal bases for removal.

The undersigned need not address the merits of those assertions to resolve the Motion; it is sufficient to conclude that a reasonable basis existed for Defendants' decision to remove this action, and "when an objectively reasonable basis exists, fees should be denied." *Id.*

Finally, the undersigned observes that Plaintiffs very likely could have avoided incurring the fees for which they now seek payment if they had alerted Defendants to the information raised in the Motion to Remand before filing it. As Defendants point out, counsel participated in numerous calls and communications conferring on the Motion to Remand and other matters, including requests for extensions of time, yet Plaintiffs failed to bring the lack of federally governed claims or their intention not to pursue such claims to Defendants' attention during any of those conversations. *See* Response at 14–15.

In any event, the question presented is whether Defendants have demonstrated that they had an objectively reasonable basis for removing the action. Based on a review of the record and the parties' memoranda and supporting documents, the undersigned finds that they have.

Accordingly, as Defendants could have reasonably believed that Plaintiffs' claims were governed by federal law and removable, the undersigned recommends that the Court deny Plaintiffs' Motion.

### III. RECOMMENDATION

For all of the reasons set forth above, the undersigned respectfully recommends that Plaintiff's Amended Motion for Attorneys' Fees and Costs [ECF No. 29] be **DENIED.**

**The parties will have seven (7) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the**

**Honorable Raag Singhal, United States District Judge. Responses to objections, if any, shall be filed within <u>seven (7) days</u> from the date of receipt of written objections.**[3]

Failure to file objections timely shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in the Report except upon grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this <u>6th</u> day of September 2022.

_____
MELISSA DAMIAN
UNITED STATES MAGISTRATE JUDGE

Copies to:   Hon. Raag Singhal
             Counsel of Record

---

[3] Pursuant to Rule 4(b) of the Magistrate Judge Rules, Local Rules of the Southern District of Florida, any party may object to a Magistrate Judge's recommendations or report within fourteen (14) days of being served with a copy thereof, or within such other time as may be allowed by the Magistrate Judge. S.D. Fla. L.R. (Magistrate Judge Rule 4(b)). In this case, the parties shall submit their objections and responses thereto within seven (7) days.