UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-62139-CIV-SINGHAL/DAMIAN

BRADFORD EMERGENCY GROUP,
LLC, *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD OF FLORIDA
INC. d/b/a Florida Blue, *et al.,*

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court on Plaintiffs' Amended Motion for Attorneys' Fees and Costs, filed January 7, 2022 (the "Motion") (DE [29]). The Motion was referred to Magistrate Judge Melissa Damian for a Report and Recommendation on August 30, 2022 (DE [37]). The magistrate judge issued a Report and Recommendation on September 6, 2022, recommending that the Motion be denied (DE [38]). Plaintiffs filed Objections to the Report and Recommendation on September 13, 2022 (DE [40]). Defendants filed a Response on September 20, 2022 (DE [42]). The Motion is now ripe for this Court's consideration.

The standard of review a district court employs when it reviews the decision of a magistrate judge depends on whether the underlying motion is dispositive or non-dispositive. *Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020) (citing 28 U.S.C. § 636(b)(1)). Under the Federal Magistrate's Act, a district court reviews a magistrate judge's decision on a non-dispositive matter under the clearly-erroneous or

contrary-to-law standard. *Id.*; *see* FED. R. CIV. P. 72(a). "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005) (cleaned up). A finding is clear error if the district court "is left with the definite and firm conviction that a mistake has been committed." *Id.* at 1350–51 (citing *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985)) (cleaned up). The standard does not allow the district court to reverse a magistrate judge's ruling "simply because it is convinced that it would have decided the case differently." *Id.* A magistrate judge's order is "contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Pigott v. Sanibel Dev., LLC*, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008) (citing *SEC v. Cobalt Multifamily Invs. I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)). "The standard for overturning a Magistrate Judge's Order is a very difficult one to meet," *NAACP v. Fla. Dep't of Corr.*, 122 F. Supp. 2d 1335, 1337 (M.D. Fla. 2000), because "[t]he clearly erroneous or contrary to law standard of review is extremely deferential," *Pigott*, 2008 WL 2937804, at *5 (cleaned up).

In the instant Motion, Plaintiffs seek attorney fees and costs under Title 28, United States Code, Section 1447(c) on the grounds that Defendants improperly removed this action to federal court. Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (citations omitted). For example, "a plaintiff's . . . failure to disclose

2

facts necessary to determine jurisdiction may affect the decision to award attorney's fees." *Id.*

Plaintiffs largely rehash their earlier argument that Defendants could not have had a reasonable basis to believe the claims at issue involved federally governed health benefit plans at the time they filed their Notice of Removal. *See* Mot., at 3–5. Plaintiffs assert that Defendants possessed the information necessary to determine that removal was improper at the onset of the state court litigation. *Id.* Moreover, Plaintiffs add, Defendants largely based their removal decision solely on the fact that claims were being asserted by persons who were enrollees in FEHBA or Medicare Advantage plans. *Id.* The magistrate judge found that Defendants had requested claims data from Plaintiffs' counsel multiple times prior to filing their Notice of Removal. *See* R. & R., at 9–11. And the magistrate judge also concluded Plaintiffs' counsel failed to disclose data or even confirm whether they intended to include federally governed claims until filing the instant motion to remand. Applying the deferential standard applicable to review of the instant Report and Recommendation, the Court sees no basis to second-guess the magistrate judge's finding of fact that Plaintiffs' counsel failed to disclose data or confirm whether they intended to include federally governed claims until filing the instant motion to remand. In light of this finding, the Court agrees with the magistrate judge's subsequent conclusion that Plaintiffs failed to disclose facts necessary to determine jurisdiction, making an award of attorney fees and costs improper. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Objections (DE [40]) are **OVERRULED**.
2. The R. & R. (DE [38]) is **AFFIRMED and ADOPTED**.


3. Plaintiffs' Amended Motion (DE [29]) is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 29th day of September 2022.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF and
Hon. Melissa Damian